**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-2200**

TOUGH MUDDER, LLC; PEACEMAKER NATIONAL TRAINING CENTER, LLC; GENERAL MILLS, INC.; GENERAL MILLS SALES, INC.,

Plaintiffs - Appellants,

v.

MITA SENGUPTA, Individually and as Personal Representative of Avishek Sengupta; BIJON SENGUPTA; PRIYANKA SENGUPTA,

Defendants - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, District Judge. (3:14-cv-00056-GMG)

Submitted: June 23, 2015          Decided: June 26, 2015

Before SHEDD and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert N. Kelly, Michele L. Dearing, JACKSON & CAMPBELL, PC, Washington, D.C.; Alonzo D. Washington, FLAHERTY SENSABAUGH & BONASSO, PLLC, Morgantown, West Virginia, for Appellants. Robert P. Fitzsimmons, Clayton J. Fitzsimmons, FITZSIMMONS LAW FIRM PLLC, Wheeling, West Virginia; Robert J. Gilbert, Edward J. Denn, GILBERT & RENTON LLC, Andover, Massachusetts, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tough Mudder, LLC, Peacemaker National Training Center, LLC, General Mills, Inc., and General Mills Sales, Inc., (collectively "Appellants") appeal the district court's order dismissing their petition to compel arbitration for lack of jurisdiction. Appellants filed their petition to compel against Mita Sengupta, invoking the district court's diversity jurisdiction, 28 U.S.C. § 1332(a) (2012), after Sengupta filed a state court wrongful death action against Appellants, Travis Pittman, and Airsquid Ventures, Inc. In dismissing the petition, the district court held that Pittman, who shared Maryland citizenship with Sengupta, was a necessary and indispensable party under Fed. R. Civ. P. 19, and that his joinder would defeat complete diversity. Appellants argue that the district court erred when it held that Pittman was both a necessary and indispensable party. Finding no error, we affirm.

The threshold issue of subject matter jurisdiction is a question of law that we review de novo. Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 432 (4th Cir. 2014). We review the district court's dismissal of an action pursuant to Fed. R. Civ. P. 19 for abuse of discretion, and review the district court's factual findings underlying the Rule 19 dismissal for clear error. Nat'l Union Fire Ins. Co. v. Rite Aid of S.C., Inc., 210 F.3d 246, 250 (4th Cir. 2000).

3

For a court to have jurisdiction over an action pursuant to 28 U.S.C. § 1332(a), "diversity must be complete such that the state of citizenship of each plaintiff must be different from that of each defendant." Home Buyers Warranty Corp., 750 F.3d at 433 (internal quotation marks omitted). Under Rule 19, a district court must dismiss an action brought in diversity jurisdiction if a nondiverse, nonjoined party is "necessary" and "indispensable" to the action. Home Buyers Warranty Corp., 750 F.3d at 433. In deciding whether to dismiss an action, Rule 19 is to be applied "pragmatically, in the context of the substance of each case, and courts must take into account the possible prejudice to all parties, including those not before it." Id. (internal quotation marks and citation omitted).

Among other reasons provided in Rule 19, a party is necessary to an action where "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). The district court did not abuse its discretion in concluding that Pittman was a necessary party under Rule 19(a)(1)(B)(ii) because (1) Pittman, as a defendant seeking to compel arbitration in the state action, had an interest in the validity of the arbitration

4

provision; and (2) Sengupta faced the substantial risk of inconsistent results regarding the validity of the arbitration provision, potentially causing her to simultaneously pursue her claims through arbitration and trial. See Owens-Illinois v. Meade, 186 F.3d 435, 438-41 (4th Cir. 1999) (holding that party faces "conflicting legal obligations" and is necessary to an action to compel arbitration where failure to join creates a "high potential for inconsistent judgments").

Having found Pittman a necessary party, we must assess, as did the district court, whether he is an indispensable one. Four factors control whether a necessary party is indispensable: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2) "the extent to which any prejudice could be lessened or avoided"; (3) "whether a judgment rendered in the person's absence would be adequate"; and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b); see Home Buyers Warranty Corp., 750 F.3d at 435-36. Because Sengupta faces a substantial risk of inconsistent obligations, the first and third factors support the conclusion that Pittman is an indispensable party. See Owens-Illinois, 186 F.3d at 441-42 (noting that first and third factors of indispensable evaluation "address much the same concerns as the Rule 19(a)[(1)(B)] analysis"). Regarding the

5

second factor, Appellants suggested no way to mitigate the prejudice to Sengupta, and no remedy is apparent. Home Buyers Warranty Corp., 750 F.3d at 435-36; Owens-Illinois, 186 F.3d at 442. Finally, as to the fourth factor, the West Virginia state courts provide Appellants an adequate forum to seek enforcement of the arbitration provision and the state courts are better positioned to apply West Virginia law to determine the validity of the provision.* Owens-Illinois, 186 F.3d at 442.

All four factors support the conclusion that Pittman is an indispensable party. Therefore, the district court did not abuse its discretion when it held that Fed. R. Civ. P. 19 required joining Pittman as a petitioner. As Pittman's joinder to the action would defeat complete diversity, the district court lacked jurisdiction under 28 U.S.C. § 1332(a), and properly dismissed the petition. Home Buyers Warranty Corp., 750 F.3d at 436; Owens-Illinois, 186 F.3d at 442.

Accordingly, we affirm the district court's dismissal order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

\* Sengupta's brief to this court notes that the state circuit court denied Appellants' motion to compel arbitration, and that Appellants are seeking appellate review of this denial in the West Virginia Supreme Court.

6

before this court and argument would not aid the decisional process.

AFFIRMED